## No. 509

### BLACKSTONE v. COLUMBUS (CITY)

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1514. Decided Jan. 26, 1927.

49. AFFIDAVITS—661. Intoxicating Liquor—Where an affidavit states that accused was in the possession, unlawfully, of intoxicating liquor, it is sufficient in substance and in the absence of objection before trial, defects cannot be taken advantage of.

**First Publication of this Opinion**

BY THE COURT

The plaintiff in error was charged with unlawful possession of intoxicating liquors for a third offense. At the conclusion of the trial in the Municipal Court, he was found guilty as charged in the affidavit and was sentenced. The judgment was affirmed by the Court of Common Pleas and error is prosecuted.

We are of opinion that the affidavit in this case is sufficient in substance and that in the absence of objection before trial the defects as to form cannot be taken advantage of. Defects in form or indefiniteness of statement must be taken advantage of before trial, or they are deemed to have been waived. Ciano v. State, 105 OS. 233. Bartlett v. State, 28 OS. 669, State v. Messenger, 63 OS. 398.

Judgment affirmed.

(Allread, Ferneding and Kunkle, JJ., concur).

Attorneys—Paul M. Herbert for Blackstone, Charles A. Leach and Baxter Evans for Columbus City; all of Columbus.

---

## No. 510

### ALBRIGHT v. ELMORE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2891. Decided Dec. 20, 1926.

225. CHARGE OF COURT—It is not error for the trial court to refuse to give a special charge if said charge is so phrased as to be misleading.

**First Publication of this Opinion**

PER CURIAM.

This was an action for breach of contract of rental, for rent and for certain bills incurred, and certain damages.

The jury in the trial court returned a verdict for the plaintiff. The defendant, who is the plaintiff herein, is asking a reversal of this judgment, on the grounds that the verdict is contrary to the weight of the evidence, and that the court erred in refusing to give a special charge, and that there was error in the general charge.

The Court of Appeals found that the verdict was not contrary to the weight of the evidence, that there was no error in the general charge, and that the trial court was not in error in refusing to give the special charge, because the special charge was so phrased as to be misleading.

Judgment affirmed.

Buchwalter, P. J., Hamilton & Cushing, JJ. concur.

Attorneys—Frieberg, Avery & Simmonds for Albright; Joseph T. Harrison for Elmore; all of Cincinnati.